UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC DA'BOUR DAWSON,<br><br>              Plaintiff,<br><br>         v.<br><br>CDCR, et al.,<br><br>              Defendants. | No.  1:15-cv-01867 DAD DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br>(Document 14)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Issac Da'Bour Dawson ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's December 14, 2015, complaint states the following claims: (1) a Fourth Amendment claim against Defendants Johnson, Guzman, Gonzales and Sheldon; and (2) a First Amendment retaliation claim against Defendants Guzman, Gonzales and Marsh.

On June 15, 2016, Defendants Johnson, Gonzales, Guzman and Sheldon filed the instant motion to revoke Plaintiff's in forma pauperis status.[1]  Plaintiff did not file an opposition.  The motion is ready for decision pursuant to Local Rule 230(l).

///

///

---

[1] Defendant Marsh has not appeared in this action.

1

## A. LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PRLA) was enacted "to curb frivolous prisoner complaints and appeals." *Silva v. Di Vittorio*, 658 F.3d 1090, 1099-1100 (9th Cir.2011). 28 U.S.C. § 1915(g) provides that "[I]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir.2005), the Ninth Circuit explained, "[t]he PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted'... We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)." In defining the terms frivolous and malicious, the *Andrews* court held, "[W]e look to their 'ordinary, contemporary, common meaning.'... Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact'... A case is malicious if it was filed with the 'intention or desire to harm another'". *Andrews*, 398 F.3d at 1121 (internal quotations and citations omitted). To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing *King*, 398 F.3d at 1121), cert. denied, 135 S. Ct. 57 (2014).

In seeking revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. *Andrews*, 398 F.3d at 1120.

Once Defendants meet their initial burden, the burden shifts to Plaintiff to explain why a prior dismissal should not count as a strike. *King*, 398 F.3d at 1120. If Plaintiff fails to meet that burden, his in forma pauperis status should be revoked under § 1915(g). *King*, 398 F.3d at 1120.

///

2

**B.** **DISCUSSION**

Defendants argue that Plaintiff's in forma pauperis status should be revoked because, at the time this action was filed, Plaintiff had the following strikes:

1. *Dawson v. Reyes*, No. 2:12-cv-01134 DAD (E.D. Cal.)[2]

This case was dismissed on July 5, 2012, for failure to state a claim. By its plain language, this dismissal counts as a strike. *King*, 398 F.3d at 1120.

2. *Dawson v. Sacramento County Jail*, No. 2:12-cv-00963-JAM-GGH (E.D. Cal.)

On July 7, 2012, the Court screened Plaintiff's complaint and dismissed it with leave to amend for his failure to identify any named defendants and for failing to state a "colorable claim." ECF No. 15-1, at 15. Plaintiff was ordered to file an amended complaint within twenty-eight days. After Plaintiff failed to file an amended complaint, the Court issued Findings and Recommendations on August 27, 2012, recommending that the action be dismissed without prejudice because mail had been returned to the Court and he failed to update his address. ECF No. 15-1, at 18-19. The Findings were adopted on October 10, 2012, and the action was dismissed without prejudice. ECF No. 15-1, at 20-21.

This dismissal was ultimately based on Plaintiff's failure to keep the Court apprised of his current address, though the underlying dismissal was for failure to state a claim. The Ninth Circuit has not addressed, in a published opinion, whether dismissals of this kind count as a strike under § 1915(g). In an unpublished opinion, *Baskett v. Quinn*, 225 F. App'x 639 (9th Cir. 2007), cited by Defendants, the Ninth Circuit upheld a district court order finding that a prior dismissal for failure to file an amended complaint constituted a strike.

Courts within this district have reached differing results in determining whether a dismissal after a plaintiff fails to amend counts as a strike. However, even where the court finds a strike, the rationale does not support a finding under these facts, where the action was dismissed after Plaintiff failed to update his address.

///

---

[2] Defendants' request for judicial notice is GRANTED. The Court may take judicial notice of court records in other cases. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

In the most recent case in this district, *Bontemps v. Sotak*, 2016 WL 1339577 (E.D. Cal. 2016), the Court held that the Ninth Circuit's decision in *Knapp v. Hogan*, 738 F.3d 1106, 1108 (9th Cir. 2013), answered the question of whether a dismissal for failure to amend and failure to prosecute counts as a strike under section 1915(g).  At issue in *Knapp* was whether the dismissal of an action for failure to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement constituted a strike.  The Ninth Circuit held that it did, finding that "after an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, 'the judge [is] left with [ ] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim.'" *Knapp*, 738 F.3d at 1110 (internal citations omitted).  Relying on the reasoning in *Knapp*, the *Bontemps* Court held that the plaintiff's subsequent failure to take advantage of the leave to amend gave "rise to an inference that [he] could not state a claim." *Bontemps*, 2016 WL 1339577, *3.

Here, however, the Court's dismissal was based on his failure to update his address.  This does not necessarily support the same inference, i.e., that Plaintiff could not state a claim.

For these reasons, the Court finds that *Dawson v. Sacramento County Jail* does not count as a strike.

3.  <u>*Dawson v. Sacramento Police Dep't*, No. 2:14-cv-1494-TLN-KJN (E.D. Cal.)</u>

On July 30, 2014, the Court issued Findings and Recommendations that Plaintiff's action be dismissed without prejudice as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  ECF No. 15-1, at 27-30.  The Court adopted the Findings and Recommendations on November 6, 2014, and dismissed the action without prejudice.  ECF No. 15-1, at 30-32.

Courts in this Circuit generally find that a dismissal based on *Heck* is a strike for purposes of section 1915(g).  *See Duncan v. Ramirez*, 2013 WL 3359302 (N.D. Cal. 2013); *Price v. Cunningham*, 2011 WL 864677 (E.D. Cal. 2011).  Indeed, the Supreme Court in *Heck* stated that its ruling was based on a denial of "the existence of a cause of action" which implies the failure to state a claim.  *Heck*, at 489.

This action therefore counts as a strike.

## C.     **FINDINGS AND RECOMMENDATIONS**

As Defendants have submitted evidence of only two strikes, the Court finds that the motion to revoke Plaintiff's in forma pauperis status should be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies may be filed within fourteen (14) days of service of objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 843 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 22, 2016**            /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE