UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC DA'BOUR DAWSON, | 1:15-cv-01867-DAD-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO STAY |
| vs. | (ECF No. 43.) |
| CDCR, et al., | ORDER VACATING DISCOVERY AND SCHEDULING ORDER OF AUGUST 1, 2017 |
| Defendants. | (ECF No. 46.) |

## I. BACKGROUND

Isaac Da'Bour Dawson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's initial Complaint filed on December 14, 2015, on Plaintiff's Fourth Amendment claim against Defendants Johnson, Guzman, Gonzales, and Sheldon, and First Amendment retaliation claim against Defendants Guzman, Gonzales, and Marsh. (ECF No. 1.)

On July 26, 2017, defendant Sheldon filed an answer to the complaint, and all of the Defendants filed a motion to stay discovery. (ECF Nos. 41, 43.) Following the filing of defendant Sheldon's answer, the court issued a Discovery and Scheduling Order opening discovery on August 1, 2017.[1] (ECF No. 46.)

---

[1] Ordinarily, the court issues a Discovery and Scheduling Order opening discovery upon the filing of an answer by one or more defendants.

Based on the following analysis, Defendants' motion to stay shall be granted, and the Discovery and Scheduling Order shall be vacated.

## II. DEFENDANTS' MOTION TO STAY

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Rule 26(c) of the Federal Rules of Civil Procedure authorizes "any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden of expense." Fed. R. Civ. P. 26(c). Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Defendants request a stay of discovery pending the resolution of the motion to dismiss filed by defendants Gonzales, Guzman, Johnson, and Marsh on December 14, 2016. (ECF No. 27.) Defendants argue that staying discovery until a determination of which defendants and claims are at issue will ensure the just, speedy, and most efficient use of resources, and potentially avoid piecemeal discovery. Defendants argue that because defendant Sheldon is the only defendant who has filed an answer to date, a stay of discovery will avoid the opening of discovery piecemeal, and opening discovery at one time for all Defendants will achieve greater efficiency in the discovery process. Defendants assert that regardless of the outcome of the motion to dismiss, if discovery is stayed at this juncture, the parties may proceed with discovery at one time under a single set of discovery and scheduling deadlines.

Defendants' motion has merit. The court awaits the filing of Plaintiff's opposition to the pending motion to dismiss, and therefore the motion is not ready for resolution. A stay of discovery at this stage of the proceedings, pending resolution of the motion to dismiss, is likely to protect the parties and the court from undue burden and expense, and the court finds no prejudice to Plaintiff.

The court shall vacate the Discovery and Scheduling Order issued on August 1, 2017, and issue a new Discovery and Scheduling Order after the pending motion to dismiss has been resolved.

**III.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants motion to stay, filed on July 26, 2017, is GRANTED;
2. The Discovery and Scheduling Order, issued on August 1, 2017, is VACATED; and
3. A new Discovery and Scheduling Order shall be issued after the motion to dismiss, filed on July 20, 2017, is resolved.

IT IS SO ORDERED.

Dated:   **August 6, 2017**                         **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE