UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC DA'BOUR DAWSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>CDCR, et al.,<br><br>        Defendants. | 1:15-cv-01867-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATION, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS (ECF Nos. 32, 40.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

**I.  BACKGROUND**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's initial Complaint filed on December 14, 2015, on Plaintiff's Fourth Amendment claim against defendants Johnson, Guzman, Gonzales, and Sheldon, and First Amendment retaliation claim against defendants Guzman, Gonzales, and Marsh.  (ECF No. 1.)

On December 14, 2016, defendants Johnson, Guzman, Gonzales, and Marsh ("Defendants") filed a Rule 12(b)(6) motion to dismiss this case.[1]  (ECF No. 27.)  On April 13,

---

[1] Defendant Sheldon has not joined the motion to dismiss.

1

2017, the court ordered Plaintiff to file an opposition or notice of non-opposition to Defendants' motion to dismiss within twenty-one days. (ECF No. 32.) On May 2, 2017, Plaintiff filed a response to the court's order, arguing that the motion to dismiss had previously been denied. (ECF No. 33.) On May 9, 2017, the court advised Plaintiff that this motion to dismiss had not been denied and granted Plaintiff a twenty-one-day extension of time to file an opposition or notice of non-opposition to the motion to dismiss. (ECF No. 34.) On July 20, 2017, Plaintiff filed an opposition to the motion to dismiss; however, the opposition was not signed. (ECF No. 39.) On July 24, 2017, the court issued an order striking Plaintiff's opposition for lack of signature and requiring Plaintiff to file a signed opposition within fourteen days. (ECF Nos. 39, 40.) Now, more than twenty-four days have passed, and Plaintiff has not filed a new opposition to Defendants' motion to dismiss.[2] (Court record.)

## II. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDERS

In determining whether to dismiss this action for failure to comply with the directives set forth in its orders, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since December 14, 2015. Defendants' motion to dismiss was filed on December 14, 2016, more than eight months ago, and Plaintiff has not yet filed an appropriate opposition to the motion. The court cannot continue to expend its scarce resources assisting a

///

---

[2] On August 7, 2107, Plaintiff filed a "motion to attack Defendants' opposition." (ECF No. 48.) This is not an opposition to the motion to dismiss. Here, Plaintiff responded to the court's order striking his unsigned opposition, asserting that he "placed his signature like he dose [*sic*] with all his motions," and arguing that "the defendants are using this as a stall tactic to frustrate the Plaintiff into a state where he drops the case." (Id.) Plaintiff requests the court to "stop to [*sic*] the games that or [*sic*] being played by the defendants, so we can proceed with the case." (Id.)

litigant who will not defend his case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an opposition to Defendants' motion to dismiss that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner who is proceeding in forma pauperis in this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court **HEREBY RECOMMENDS** that this action be dismissed[3] without prejudice based on Plaintiff's failure to obey the court's orders of April 13, 2017, and July 24, 2017.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendation, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to

---

[3] While the court is aware that defendant Sheldon did not join in the motion to dismiss filed by the remaining defendants, the court recommends dismissal of this case in its entirety, against *all* of the defendants, based on Plaintiff's failure to comply with the court's orders.

3

Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 17, 2017**            /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE