UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC DA'BOUR DAWSON, | 1:15-cv-01867-DAD-GSA-PC |
| Plaintiff, | ORDER DENYING REQUESTS FOR ATTORNEY'S FEES, APPOINTMENT OF COUNSEL, AND APPOINTMENT OF EXPERT WITNESS |
| vs. | (ECF No. 51.) |
| CDCR, et al., | |
| Defendants. | ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (ECF No. 27.) |
| | FOURTEEN-DAY DEADLINE |

## I. BACKGROUND

On August 18, 2017, the court entered findings and recommendations, recommending that this case be dismissed for Plaintiff's failure to comply with the court's orders requiring him to file an opposition to Defendants' motion to dismiss. (ECF No. 50.) On August 28, 2017, Plaintiff filed objections to the findings and recommendations, asserting that he filed an

1

opposition to the motion to dismiss after the court issued its order on July 24, 2017.[1] (ECF No. 51.) Plaintiff also requested attorney fees, appointment of counsel, and appointment of an expert witness. (Id.)

## II. REQUESTS FOR COUNSEL, EXPERT WITNESS, AND ATTORNEY FEES

### A. Request for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Defendants have filed a motion to dismiss this case, which is pending and may result in the dismissal of the case. Moreover, based on the court's record, Plaintiff is able to adequately articulate his claims and respond to the court's orders. Plaintiff's claims, arising from allegations of an improper strip search and retaliation, do not appear complex. Therefore, Plaintiff's request for appointment of counsel shall be denied. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

---

[1] On July 24, 2017, the court issued an order striking Plaintiff's opposition filed on July 20, 2017, for lack of signature, and required Plaintiff to submit a new opposition bearing his signature within fourteen days. (ECF No. 40.)

### B. Request for Appointment of Expert Witness

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution. Moreover, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D.Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D.Cal. 2013).

Here, Plaintiff requests the court to appoint an expert witness to represent Plaintiff. While the court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the court the authority to appoint expert witnesses on behalf of a party. 28 U.S.C. § 1915; See also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995). Moreover, Rule 706 is not meant for the appointment of an expert witness as an advocate for Plaintiff.

Plaintiff has not explained why he believes an expert witness is needed in this case. The court considers whether an expert witness would assist the court in understanding the evidence or to determining a fact in issue. Fed. R. Evid. 702. Here, Plaintiff's allegations are no more complex than those found in a majority of cases alleging an improper strip search or

retaliation pending before this court. The court does not require an expert witness to determine whether Defendants improperly strip-searched Plaintiff or retaliated against him. Therefore, Plaintiff's request for the appointment of an expert witness shall be denied.

### C. Request for Attorney's Fees

Plaintiff also requests attorney's fees. Plaintiff is not entitled to attorney's fees, because he is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees, even if he prevails in this action. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as state in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.") Therefore, Plaintiff's request for attorney fees shall be denied.

## III. PLAINTIFF'S OPPOSITION

Plaintiff asserts that he filed an opposition to Defendants' motion to dismiss after the court issued its order on July 24, 2017. However, the court has no record of an opposition filed by Plaintiff following the July 24, 2017, order. (Court Docket.) Plaintiff shall be granted fourteen days in which to file a new opposition, or statement of non-opposition, bearing his signature.

The August 18, 2017, findings and recommendations shall not be vacated. If Plaintiff fails to file a new opposition within fourteen days, this case shall be referred to the district judge for further proceedings.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel is DENIED, without prejudice;

2. Plaintiff's request for the appointment of an expert witness is DENIED;

3. Plaintiff's request for attorney's fees is DENIED;

4. Within fourteen days of the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to the motion to dismiss filed by Defendants Guzman, Gonzales, Marsh, and Johnson on December 14, 2016; and

5. Plaintiff's failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated: **August 31, 2017**         **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE