UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC DA'BOUR DAWSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>CDCR, et al.,<br><br>    Defendants. | 1:15-cv-01867-DAD-GSA-PC<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br>(ECF No. 58.) |

Issac Da'bour Dawson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On September 18, 2017, Plaintiff requested court assistance to obtain a lawyer to represent him in this case. (ECF No. 58.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Defendants have filed a motion to dismiss some of the claims against them, which is pending and may result in the dismissal of claims. Plaintiff's claims, arising from allegations of improper strip searches and retaliation, do not appear complex. Moreover, based on the court's record, Plaintiff is able to adequately articulate his claims. Therefore, Plaintiff's request for appointment of counsel shall be denied. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

Therefore, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**October 19, 2017**__    _____/s/ Gary S. Austin_____
UNITED STATES MAGISTRATE JUDGE