UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC DA'BOUR DAWSON<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:15-cv-01867-DAD-GSA<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND DENYING DEFENDANTS' MOTION TO DISMISS UNDER LOCAL RULE 110, OR IN THE ALTERNATIVE TO DEEM THAT PLAINTIFF WAIVED HIS OPPOSITION</u><br><u>(Doc. Nos. 27, 49, 62.)</u> |

Isaac Da'bour Dawson ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2017, the assigned magistrate judge issued findings and recommendations recommending that defendants' 12(b)(6) motion to dismiss filed on December 14, 2016 (Doc. No. 27) be granted in part and denied in part, and defendants' motion to dismiss brought pursuant to Local Rule 110, or in the alternative to deem that plaintiff waived his opposition, filed on August 14, 2017 (Doc. No. 49) be denied. (Doc. No. 62.) Specifically, the magistrate judge recommended that defendants' motion to dismiss be granted as to plaintiff's retaliation claim against defendants Guzman, Sergeant Gonzales, and Lieutenant Marsh because the Rules

1

Violation Report (RVR) that plaintiff alleged was retaliatory issued before plaintiff filed his grievance against defendants. (Doc. No. 62 at 7–8.) The magistrate judge also recommended that the motion to dismiss plaintiff's Fourth Amendment claim against defendant Johnson, on qualified immunity and other grounds, be denied. (*Id.* at 10–13.) Finally, the magistrate judge recommended that defendants' motion to dismiss brought pursuant to Local Rule 110, or alternatively on the grounds that plaintiff had waived opposition to dismissal, be denied. (*Id.* at 13–15.)

On November 6, 2017, plaintiff filed objections to the findings and recommendations. (Doc. No. 63.) Plaintiff's objections to the findings and recommendations do not refute that the RVR in question was filed prior to plaintiff's filing of his grievance against defendants, and thus could not have been retaliatory. For that reason, plaintiff's objections do not alter in any way the conclusion set forth in the findings and recommendations regarding his retaliation claim, the only claim dismissal of which has been recommended.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. Defendants' rule 12(b)(6) motion to dismiss (Doc. No. 27), filed on December 14, 2016, is GRANTED in part and DENIED in part ;
2. Defendants' motion to dismiss plaintiff's retaliation claim against defendants Guzman, Sergeant Gonzales, and Lieutenant Marsh is GRANTED and that claim is DISMISSED from this action for failure to state a claim;
3. Defendant Marsh is DISMISSED from this action for plaintiff's failure to state any claims against him;
4. Defendants' motion to dismiss plaintiff's Fourth Amendment claim against defendant Johnson is DENIED;

/////

2

5. Defendant Johnson's motion to dismiss based on qualified immunity is DENIED;

6. Defendants' motion to dismiss this case under Local Rule 110 or, alternatively, on the basis that plaintiff waived any opposition to dismissal (Doc. No. 49), is DENIED;

7. This case now proceeds only against defendants Johnson, Guzman, Sergeant Gonzales, and Sheldon on plaintiff's Fourth Amendment claims for unreasonable unclothed body searches;

8. Defendants Johnson, Guzman, and Gonzales are required to file an answer to the complaint within thirty days of the date of service of this order;

9. The Clerk of Court is directed to reflect on the docket that defendant Marsh has been dismissed from this action; and

10. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 22, 2017**

UNITED STATES DISTRICT JUDGE