# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC DA'BOUR DAWSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>CDCR, et al.,<br><br>        Defendants. | 1:15-cv-01867-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGE'S ASSISTANCE WITH LITIGATION**<br>**(ECF. No. 68.)** |

    Issac Da'bour Dawson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint, filed on December 14, 2015, against Defendants Johnson, Guzman, Gonzales and Sheldon on Plaintiff's Fourth Amendment claims for unreasonable unclothed body searches. (ECF No. 1.)

    On December 15, 2017, Plaintiff filed a motion requesting the Judge to assist him with filing a "proper" motion for summary judgment, or to grant his pending motion for summary judgment filed on November 6, 2017. (ECF No. 68.) Plaintiff states that he is not represented by counsel and cannot afford to retain counsel, and his prior motions for appointment of counsel in this case have been denied by the court. (Id.) Plaintiff also seeks advice about how

to bring his witnesses to court without them being harassed by correctional officers for helping him with his case.

Plaintiff's motion must be denied. A judge has "no obligation to act as counsel or paralegal to pro se litigants" or " to perform any legal 'chores' for the [litigant] that counsel would normally carry out." See Plilar v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). Advising laypersons how to proceed with litigation is a task normally and properly performed by trained counsel as a matter of course. Moreover, requiring or even allowing the judge to assist Plaintiff with preparing a motion for summary judgment would undermine the judge's role as [an] impartial decision maker. Id.; also see Lopez v. Smith, 203 F.3d 1122, 1131 n. 13 (9th Cir. 2000) (declining to decide whether the court was required to inform a litigant of deficiencies); Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2008) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants.").

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: **January 19, 2018**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE