UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC DA'BOUR DAWSON,<br><br>    Plaintiff,<br><br>  v.<br><br>BEARD, et al.,<br><br>    Defendants. | 1:15-cv-01867-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE STRICKEN, WITH LEAVE TO FILE A NEW MOTION<br>(ECF No. 64.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I. BACKGROUND

Isaac Da'bour Dawson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's initial Complaint filed on December 14, 2015, against defendants Correctional Officer (C/O) Johnson, C/O Guzman, Sergeant Gonzales, and C/O Sheldon ("Defendants"), on Plaintiff's Fourth Amendment claims of unreasonable unclothed body searches. (ECF No. 1.)

On November 6, 2017, Plaintiff filed a motion for summary judgment. (ECF No. 64.) On November 27, 2017, defendants Johnson, Gonzales, Guzman, Sheldon, and Marsh[1] filed an opposition to the motion. (ECF No. 65.) Plaintiff has not filed a reply. Plaintiff's motion for summary judgment is now before the court. Local Rule 230(*l*).

---

[1] Defendant Marsh is now dismissed from this case based on Plaintiff's failure to state any claims against him pursuant to the court's order issued on December 26, 2017. (ECF No. 71.) This case now proceeds only against defendants Johnson, Guzman, Sergeant Gonzales, and Sheldon on Plaintiff's Fourth Amendment claims of unreasonable unclothed body searches. (Id.; see also ECF Nos. 73, 79.)

1

For the reasons set forth below, the court recommends that Plaintiff's motion for summary judgment be stricken from the record with leave to file a new motion, if he so wishes.

**II.     SUMMARY JUDGMENT STANDARD**

Any party may move for summary judgment, and the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

In judging the evidence at the summary judgment stage, the court may not make credibility determinations or weigh conflicting evidence, id., and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The court determines only whether there is a genuine issue for trial. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

///

## V.     ALLEGATIONS IN THE COMPLAINT[2]

Plaintiff is currently incarcerated at the California State Prison–Sacramento in Represa, California. The events at issue in the Complaint allegedly occurred at Corcoran State Prison in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff's factual allegations follow.[3]

On May 17, 2014, Plaintiff was released from his housing unit to morning religious House of Yahweh services. On his way Plaintiff had to use the restroom. While he was waiting to use the restroom he was called back to his housing unit via the loudspeaker. Plaintiff returned to his housing unit and defendant C/O Johnson placed him in the shower.

Defendant Johnson ordered Plaintiff to strip naked and submit to an unclothed body inspection. "Without warning or reason," Plaintiff was instructed to open his buttocks for inspection. (Complaint at 4:11-13.) He was then instructed to squat twice and cough. Defendant Johnson told Plaintiff to face him and lift his penis and scrotum. Afterwards, Plaintiff was instructed to report back to his cell. He was never told why he was subjected to a "humiliating body cavity inspection." (Complaint at 4:18-19.)

On May 18, 2014, Plaintiff was released to religious services. While attending services Plaintiff went to use the restroom twice. Five minutes after his second visit defendants C/O Sheldon and C/O Guzman interrupted services and told Plaintiff to get up. Plaintiff was then escorted to the yard patio which was occupied by at least 100 other prisoners, female guards, and staff. Defendant Sergeant Gonzales instructed defendants Guzman and Sheldon to strip search Plaintiff in front of prisoners and female staff. Defendants Guzman and Sheldon ordered Plaintiff to remove his clothing while defendant Gonzales watched. Plaintiff was instructed to spread his buttocks, squat twice and cough, and lift his penis and scrotum.

///

---

[2] Plaintiff's Complaint is verified and his allegations constitute evidence where they are based on his personal knowledge of facts admissible in evidence. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004). The summarization of Plaintiff's claim in this section should not be viewed by the parties as a ruling that the allegations are admissible.

[3] This summary only includes the allegations concerning Plaintiff's Fourth Amendment claims.

Plaintiff contends that he was humiliated in full view of prisoners and female staff members. Defendants did not provide an explanation to justify the search.

When Plaintiff tried to put his clothing back on, defendant Guzman told him to put on only his boxers and then walk back to his housing unit. Plaintiff asked that he be allowed to fully dress because he felt humiliated. Defendant Guzman told him no, and said that Plaintiff would be written up for failing to follow staff instructions if he did not walk back as instructed. Plaintiff complied and began walking, feeling ashamed and belittled. Plaintiff has a mental health disorder and is a participant in the prison's CCCMS program, and he contends that he did not know how to react or deal with the traumatizing situation. As time went on he became severely depressed and ashamed to leave his cell.

## VI. Unclothed Body Search -- Fourth Amendment

The Fourth Amendment guarantees the right of the people to be secure against unreasonable searches, and its protections extend to incarcerated prisoners. Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). In determining the reasonableness of a search under the Fourth Amendment, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. at 559. The reasonableness of a prisoner search is determined by reference to the prison context. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 79, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

The Supreme Court found reasonable "'[v]isual body cavity searches conducted after contact visits[4] as a means of preventing prisoners' possession of weapons and contraband, even absent probable cause.'" Thompson v. Souza, 111 F.3d 694, 700 (9th Cir. 1997) (quoting

---

[4] Referring to "contact visit[s] *with a person from outside the institution* . . . to discover but also to deter the smuggling of weapons, drugs, and other contraband into the institution." Bell, 441 U.S. at 558 (emphasis added).

Michenfelder, 860 F.2d at 332, citing <u>Bell</u>, 441 U.S. at 558-60). In <u>Thompson</u>, the Ninth Circuit held that visual strip searches and urine tests to search for drugs were reasonably related to the prison officials' legitimate penological interest in keeping drugs out of prison. <u>Id.</u> at 701. However, "not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." <u>Id.</u> at 700.

## VII. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's motion for summary judgment recites allegations from the Complaint describing the events at issue allegedly occurring on May 17, 2014 and May 18, 2015, when he was subjected to unclothed body searches by Defendants. Plaintiff also discusses the reasons he did not file his 602 prison appeal log #14-3632 until June 9, 2014. Plaintiff requests the court to grant this motion and deny any motion filed by Defendants.

In opposition, Defendants argue that Plaintiff's motion should be denied as procedurally and substantively deficient because it does not contain a statement of undisputed facts with citations to support evidence, or set forth any legal authority establishing the elements of his claims, nor submit any evidence meeting that burden. Defendants argue that the court should deny or strike Plaintiff's motion for summary judgment for failure to comply with local rules and failure to meet the requisite evidentiary burden. In the alternative, if Plaintiff's motion for summary judgment is not stricken or otherwise denied as defective, Defendants request an extension of time to oppose the motion.

## VIII. ANALYSIS

### A. <u>Legal Standards</u>

**1. Rule 56(c) of the Federal Rules of Civil Procedure provides:**

*Procedures.*

**(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

5

purposes of the motion only), admissions, interrogatory answers, or other materials; or

  **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

  **2.** **Rule 56(e) of the Federal Rule of Civil Procedure provides:**

*Failing to Properly Support or Address a Fact.* If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials-- including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

///
///
///
///

6

### 3. **Local Rule 260(a) provides:**

*Motions for Summary Judgment or Summary Adjudication.* Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact. The moving party shall be responsible for the filing of all evidentiary documents cited in the moving papers.

### 4. **Rules Governing Pro Se Litigation.**

Pro se litigants must follow the same rules of procedure that govern other litigants. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986). However, the Ninth Circuit has repeatedly reaffirmed the principal that pro se litigants are entitled to leniency, particularly in civil rights cases, granting Plaintiff latitude. See e.g., Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims filed by inmates."); Pouncil v. Tilton, 704 F.3d 568, 574–75 (9th Cir. 2012) (construing pro se complaints liberally protects the rights of pro se litigants to self-representation and meaningful access to the courts, which is particularly important in civil rights cases), cert. denied, ––– U.S. –––, 134 S.Ct. 76, 187 L.Ed.2d 30 (2013); Woods v. Carey, 684 F.3d 934, 938–40 (9th Cir. 2012) (recognizing hardships faced by prisoners proceeding pro se); Palmer v. Valdez, 560 F.3d 965, (9th Cir. 2009) (recognizing, in affirming the district court's denial of counsel, that the "district court was sensitive to [inmate's] predicament" in trying his civil rights case pro se).

### B. **Discussion**

The court finds that Plaintiff's motion for summary judgment is deficient. Plaintiff has not asserted sufficient facts supported by evidence to succeed on his claims of unreasonable unclothed body searches. Plaintiff offers no evidence except the allegations in his verified Complaint, which do not establish all of the elements of his claims.

In light of the Ninth Circuit's principal that *pro se* litigants are entitled to leniency, Plaintiff should be granted leave to file a new motion for summary judgment in compliance with Local Rule 260(a) and Rule 56(c) of the Federal Rules of Civil Procedure, accompanied by a Statement of Undisputed Facts enumerating each of the specific material facts he relies on in support of the motion and citing the evidence establishing those facts.

### IX. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff's motion for summary judgment violates Local Rule 260(a) and Rule 56(c) of the Federal Rules of Civil Procedure by failing to submit a Statement of Undisputed Facts properly supported by evidence. The court shall recommend that an order issue pursuant to Rule 56(e), striking Plaintiff's motion for summary judgment as deficient and granting Plaintiff leave to file a new motion, if he so wishes.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for summary judgment, filed on November 6, 2017, be stricken from the record, with leave to file a new motion for summary judgment if he so wishes on or before the deadline for filing dispositive motions, which is August 30, 2018.

IT IS SO ORDERED.

Dated: **June 7, 2018**   **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE