# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC DA'BOUR DAWSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BEARD, et al.,<br><br>        Defendants. | 1:15-cv-01867-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CORRESPOND WITH ANOTHER INMATE**<br>**(ECF No. 91.)** |

## I. BACKGROUND

Isaac Da'bour Dawson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's initial Complaint filed on December 14, 2015, against defendants Correctional Officer (C/O) Johnson, C/O Guzman, Sergeant Gonzales, and C/O Sheldon ("Defendants"), on Plaintiff's Fourth Amendment claims for unreasonable unclothed body searches. (ECF No. 1.)

On October 17, 2018, Plaintiff filed a motion for leave to correspond with another inmate, Jessie Williams. (ECF No. 92.) Plaintiff seeks assistance from inmate Williams in litigating this case.

1

## II. MOTION FOR LEAVE TO CORRESPOND WITH ANOTHER INMATE

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139. Correspondence by inmates between institutions is connected to legitimate security concerns, such as the possibility of communication of escape plans, plans to arrange violent acts, and improper correspondence between gang members. Turner v. Safley, 482 U.S. 78, 91, 107 S.Ct. 2254, 2263, 96 L.Ed.2d 64 (1987). Regulations of mail may be imposed barring communication with inmates at other penal facilities, to protect the institutional order and security of the facility where the regulation does not deprive prisoners of all means of expression. Id. at 92. The Court recognizes that the judgment of corrections officials with respect to correspondence between prison institutions is "a judgment 'peculiarly within [their] province and professional expertise,' [and] should not be lightly set aside by the courts." Id. at 92–93 (quoting Pell v. Procunier, 417 U.S. 817, 827, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

Further, the court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with other inmates. E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "[A] federal court may ... not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff does not say whether inmate Williams is incarcerated at the same facility as Plaintiff. Nonetheless, to obtain permission to correspond with another inmate, Plaintiff must follow the policies and procedures in place at the facility where Plaintiff is currently housed. Inmates in California state prisons may initiate requests to correspond with other inmates by contacting their Correctional Counselor. Cal. Code Regs. tit. 15, § 3139(b). Plaintiff has not indicated that he has attempted to use this process and been denied. Accordingly, Plaintiff's motion shall be denied.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to correspond with another inmate, filed on October 17, 2018, is DENIED.

IT IS SO ORDERED.

Dated: **October 18, 2018**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE